IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:08cv4

| | | |
|---|---|---|
| DAVID K. DUHL, | ) | |
| | ) | |
| Plaintiff | ) | |
| Vs. | ) | EAJA JUDGMENT |
| | ) | |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiff's petition for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). In responding to such application, the government has interposed objections to the number of hours or partial hours billed as to certain services rendered. While the Commissioner has challenged a number of hours and partial hours, he has not persuaded the court that the hours expended were unnecessary for the adequate prosecution of this matter. Specifically, the Commissioner has not provided the court with a factual basis for their arguments as to the appropriate amount of time to be spent on certain legal tasks. When faced with a similar argument, the district court held as follows:

> Plaintiff's counsel, however, swears under oath that the hours claimed were actual hours expended and that they were recorded contemporaneously. Consequently, this court does not find that the

-1-

> defendant should be permitted to hypothesize the appropriate length of time for researching and drafting such memorandum.

Kyser v. Apfel, 81 F.Supp.2d 645, 647-648 (W.D.Va.2000). As to each hour claims by defendant, such expenditure is well within reason for prosecution of a Social Security case. While respectful of the opinions of the Commissioner and those of his counsel appearing in this court, the fact that the government believes that a certain legal task could have been done more efficiently or that work was not necessary in his view is insufficient to warrant the striking of professional hours. To use the language of natives of western North Carolina: "to find a toe hold," such an argument would need to be supported by an affidavit from an experienced claimant's lawyer, similar to an affidavit that would be necessary in determining a lodestar amount. The court has independently reviewed the hours billed. Based on almost thirty years of private practice, which involved representing plaintiffs, drafting Complaints, and writing briefs, the requested expenditure of time appears to be both reasonable, fair and necessary.

Therefore, it appearing that such a petition should, in accordance with the teachings of the Supreme Court in Shalala v. Schaefer, 509 U.S.292 (1993), be entertained where, as here, a previously entered remand was a "final decision" under sentence four of 42, United States Code, Section 405(g);

**AND IT FURTHER** appearing that the time expended by counsel was

reasonable, fair and necessary for the adequate prosecution of this matter, that the proposed rate of pay is fair andreasonable based on counsels' experience and skill in accordance with 28, United States Code, Section 2412, and that the total fee is fair and reasonable for the services rendered;

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that plaintiff's Application for Attorney's Fees and Other Expenses (#19) is **GRANTED**, and an attorney's fee in the amount of $5,470.58 is **AWARDED** to counsel of record for plaintiff, as assignee of plaintiff, pursuant to the provisions of EAJA. No further petition pursuant to 28 U.S.C. § 2412(d) shall be filed. Thirty days are, however, allowed for counsel for plaintiff to file a Section 406(b) petition for fees after receiving the Social Security closeout letter.

Signed: April 3, 2009

Dennis L. Howell
United States Magistrate Judge